# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF STATE, <br><br> Defendant. | Case No. 1:16-cv-02368 (TNM) |

## MEMORANDUM OPINION

Plaintiff Judicial Watch, Inc. ("Judicial Watch") brought an action against the United States Department of State ("State Department") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, seeking the production of documents related to a determination that certain emails of former Secretary of State Hillary Clinton are not official State Department records. Pending before the Court is the State Department's motion for summary judgment and Judicial Watch's cross-motion for summary judgment. Having confirmed that jurisdiction and venue is proper in this Court,[1] and upon consideration of the pleadings, relevant law, and related legal memoranda in opposition and in support, I find that no genuine issue of material fact exists and that the State Department met its obligations with respect to Judicial Watch's FOIA request. Accordingly, the State Department's motion will be granted and Judicial Watch's motion will be denied.

---

[1] *See* 5 U.S.C. § 552(a)(4)(B); 28 U.S.C. §§ 1331, 1391.

## I. Background

Judicial Watch is a not-for-profit organization that seeks to promote transparency, integrity, and accountability in government and regularly submits FOIA requests to execute its mission. Compl. ¶ 3. In September 2016, Judicial Watch submitted a FOIA request to the State Department seeking "[a]ny and all records concerning, regarding or relating to the determination by the Office of Legal Counsel that the emails of former Secretary of State Hillary Clinton dated January-April 2009 would not be considered official State Department Records." Memo. of P. & A. in Support of Def.'s Mot. for Summary J. Ex. 1. The request attached a Federal Bureau of Investigation ("FBI") Form 302 dated August 18, 2015 that summarized an interview conducted by the FBI with an employee of the Office of Information Programs and Services ("IPS"), an office within the State Department. *See id.* at 4-8. The identity of the employee had previously been redacted pursuant to FOIA exemptions (B)(6) and (B)(7)(c), which protects personal identifying information. *See id.* The Form 302 stated that "IPS had to wait on the Office of Legal Counsel to provide an official determination as to whether the emails would be considered official STATE records. At some point, the determination was made that the emails would not be considered official STATE records." *Id.* at 2 (capitalization in original). These two sentences formed the basis for Judicial Watch's FOIA request.

The State Department reviewed Judicial Watch's request and determined that the offices reasonably likely to have responsive records were the Office of the Legal Adviser and IPS. Def.'s Statement of Material Facts Not In Dispute ("SOMF") ¶ 8.[2] Within the Office of the Legal Adviser, an employee with relevant knowledge of the FOIA request and the office's

---

[2] Judicial Watch did not dispute any statements in the State Department's SOMF. Pl.'s Response to Def.'s SOMF ¶¶ § I. 1-20. Accordingly, all citations to the State Department's SOMF indicate undisputed facts in this matter.

2

systems determined that no centralized electronic or paper files were reasonably likely to have responsive records. *Id.* at ¶ 9. The employee also identified the current and former Acting Legal Adviser as individuals reasonably likely to have responsive records and conducted searches of their unclassified and classified email records. *Id.* at ¶¶ 9-11. In addition, the employee searched the archived personal drive materials of the former Acting Legal Adviser. *Id.* at ¶ 11. No responsive records were located pursuant to these searches, and other officials in the Office of the Legal Adviser's Front Office and Office of the Legal Adviser, Management confirmed that they were not reasonably likely to have records responsive to the FOIA request. *Id.* at ¶¶ 10-12.

Within IPS, an employee with relevant knowledge of the FOIA request and the office's systems determined that no centralized electronic or paper files, or classified records systems, were reasonably likely to have responsive records. *Id.* at ¶ 13. The employee further identified four individuals as reasonably likely to have responsive records: the former IPS Director, the former Deputy Assistant Secretary for Global Information Systems, the current IPS Deputy Director, and the current IPS Director. *Id.* IPS then conducted searches of the unclassified email or archived email files, certain folders and sub-folders, or archived personal drive materials of the former IPS Director and former Deputy Assistant Secretary for Global Information Systems. *Id.* at ¶¶ 14-15. The current IPS Deputy Director confirmed that he was not reasonably likely to have responsive records, and the current IPS Director searched and reviewed records in certain email archives he determined that were reasonably likely to have responsive records. *Id.* at ¶¶ 16-17. No responsive records were located through these searches. *Id.* at ¶¶ 14-16. Last, IPS conducted a search using its Retired Records Inventory Management System to identify any

potentially responsive paper files, pursuant to which no responsive records were identified. *Id.* at ¶¶ 18-19.

## II. Legal Standard

FOIA requires federal agencies to "disclose information to the public upon reasonable request unless the records at issue fall within specifically delineated exemptions." *Judicial Watch, Inc. v. FBI*, 522 F.3d 364, 365-66 (D.C. Cir. 2008); *see also* 5 U.S.C. § 552(a)(3)(A) (records sought must be "reasonably describe[d]"). The "vast majority" of FOIA cases are decided on motions for summary judgment. *See Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011). To prevail on summary judgment, the movant must show an absence of a genuine issue of material fact. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). In FOIA cases, an agency must demonstrate that no material facts are in dispute, that it has conducted an adequate search for responsive records, and that each responsive record has either been produced to the requestor or is exempt from disclosure. *See Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).

The agency's search is adequate if the agency has conducted "a good faith effort to [] search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). In other words, the agency must "demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995). However, the touchstone of the analysis is the reasonableness of the agency's search, not the records produced. *See Hodge v. FBI*, 703 F.3d 575, 580 (D.C. Cir. 2013) ("the adequacy of a search is determined not by the fruits of the search, but by the

4

appropriateness of [its] methods"); *Mobley v. CIA*, 806 F.3d 568, 583 (D.C. Cir. 2015) ("a search, under FOIA, is not unreasonable simply because it fails to produce all relevant material."). An agency has discretion to craft its search to meet this standard, and do not have to search every system if additional searches are unlikely to produce any marginal return. *See Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998). Searching for records requires "both systemic and case-specific exercises of discretion and administrative judgment and expertise," and is "hardly an area in which the courts should attempt to micro-manage the executive branch." *Schrecker v. Dep't of Justice*, 349 F.3d 657, 662 (D.C. Cir. 2003). To demonstrate reasonableness of its search, an agency can submit a "reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Oglesby*, 920 F.2d at 68. Agency declarations are given "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs. Inc. v. S.E.C.*, 926 F.2d 1197, 1201 (D.C. Cir. 1991).

## III. Analysis

The State Department's search was "reasonably calculated to uncover all relevant documents" responsive to Judicial Watch's FOIA request. *See Nation Magazine*, 71 F.3d at 890. As an initial matter, although the request sought records relating to a determination reportedly made by the "Office of Legal Counsel," mirroring the language used in the FBI's completed Form 302, the State Department liberally interpreted the request to mean its Office of the Legal Adviser as it does not have an "Office of Legal Counsel." Mem. of P. & A. in Support of Def.'s

Mot. for Summary J. 7.[3] Given that the Form 302 was prepared by a FBI agent who was, in turn, summarizing the interviewee's statements, it is not clear whether the citation to the "Office of Legal Counsel" is a typo on the agent's part, a misunderstanding on the agent's part, a misunderstanding on the interviewee's part, or some combination thereof. Therefore, the State Department appropriately interpreted the request to mean a determination either by its Office of the Legal Adviser or by OLC. *See id.* Ex. 3 ¶ 4 n.1.

The State Department then appropriately crafted searches commensurate with the scope and nature of Judicial Watch's request. The State Department determined that, based on the details of the request and in consideration of the functions of its component offices, the offices reasonably likely to have responsive records were the Office of the Legal Adviser and IPS, the office in which the interviewee worked. Def.'s SOMF ¶ 8. For each of these offices, an employee with requisite knowledge of the FOIA request and the office's systems determined: (1) whether any of the office's systems were reasonably likely to contain responsive documents, and (2) which individuals within the office were reasonably likely to have responsive documents. *Id.* at ¶¶ 9, 13. Searches tailored to the request, both in subject matter and date range, were conducted of the various sources of data identified as potentially containing responsive information, including unclassified email records, unclassified email archive files, classified email records, and archived personal drive materials. *Id.* at ¶¶ 10-17. These searches were further modified or refined as necessary—for example, the State Department not only searched the emails of the former IPS Director using search terms, but also conducted a manual review of emails in certain folders and sub-folders that, based on their subject matter title, were deemed

---

[3] The U.S. Department of Justice does have an Office of Legal Counsel ("OLC"), but it seems unlikely that OLC would have been involved in this internal State Department issue. In any event, Judicial Watch did not include the Department of Justice in its FOIA request.

reasonably likely to contain responsive records. *See* Def.'s SOMF ¶ 14. Within IPS, an employee further identified, through the use of the office's Retired Records Inventory Management System, two archived boxes of potentially responsive documents, which were manually reviewed. *Id.* at ¶¶ 18-19.

That no responsive records were identified throughout all of the State Department's searches does not impugn the appropriateness of the search methodology. *See Hodge*, 703 F.3d at 580 ("the adequacy of a search is determined not by the fruits of the search, but by the appropriateness of [its] methods"). Indeed, Judicial Watch does not challenge any of the specific determinations made or the searches conducted by the State Department, other than to characterize the searches as "garden variety". *See* Pl.'s Response to Def.'s SOMF; Pl.'s Mem. of P. & A. in Opp. to Def.'s Mot. for Summary J. and in Support of Pl.'s Cross-Mot. for Summary J. 3. Rather, Judicial Watch asserts that a reasonably calculated search in response to its request necessarily should have included asking the IPS interviewee whether the requested documents exist, and where they may be located. *Id.* However, as demonstrated above, the State Department's searches were anything but rote: they were designed and executed in a manner reasonably expected to produce the information requested. In particular, the State Department was aware of the identity of the interviewee, and its searches included a search of the files and accounts of the interviewee. Mem. of P. & A. in Opp. to Pl.'s Mot. for Summary J and in Reply in Support of Def.'s Mot. for Summary J. 4-5 (citing the Second Declaration of Eric F. Stein). Because agency declarations are given a presumption of good faith, *see SafeCard*, 926 F.2d at 1201, and there is no evidence in the record indicating the contrary, there is no reason to disbelieve that the agency considered and incorporated the source of the interview in its search methodology.

Although Judicial Watch's suggestion of simply asking the interviewee about the potential existence and location of the documents appears plausible on its face—indeed, likely much easier than the laborious efforts the State Department actually utilized—to do so would have placed the State Department in a quandary. Judicial Watch has already narrowed the list of potential interviewees to three, one of whom no longer works for the State Department. *See* Pl.'s Reply in Support of Cross-Mot. for Summary J. 2-3. Depending upon whether the interviewee is in fact the former employee, the requisite declaration describing the efforts taken by the State Department would inevitably have either identified the interviewee or narrowed the list to two. FOIA does not require—and in fact expressly exempts—disclosure of the interviewee's identity; *see* 5 U.S.C. §§ 552(B)(6), 552(B)(7)(c); and this litigation should not be used as a back-door means of discerning the same. Thus, the agency's search of the interviewee's documents, coupled with the other steps taken by the State Department in response to Judicial Watch's request, reflects a search methodology "reasonably expected to produce the information requested." *See Oglesby*, 920 F.2d at 68. The search efforts undertaken by the State Department appropriately balanced the rights of Judicial Watch to obtain information with the right of the interviewee to remain anonymous. Nothing more is required.

## IV. Conclusion

For the foregoing reasons, the Defendant's motion for summary judgment will be granted and Judicial Watch's motion for summary judgment will be denied. A separate order will issue.

Dated: January 19, 2018

TREVOR N. MCFADDEN
United States District Judge

8